[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 20, 1993 Date of Application: May 30, 1993 Date Application Filed: June 8, 1993 Date of Decision: February 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland at Rockville, Docket No. CR91-69440T; CR91-82771T; CR91-72885T; CR91-402628T; CR91-118115; CR91-402629T.
Gerald M. Kline, Esq. For the Petitioner.
Matthew Gadanski, Esq. Ass't. State's Atty. for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
The petitioner plead guilty to six counts of Robbery 1st Degree in violation of Connecticut General Statute53a-134(a)(4). The sentencing court imposed a sentence of thirteen years suspended after serving two on the first count and two years to serve on each of the remaining counts to run consecutively. The total effective sentence was twenty-three years, execution suspended after twelve years with four years probation with special conditions.
The record shows the petitioner committed a series of robberies in the towns of Hartford (2), West Hartford, Glastonbury, Enfield, and Southington. In each of the robberies the petitioner handed a note which stated `Open the register I have a gun."
The attorney for the petitioner emphasized that no gun was ever seen during the robberies by any of the victims and that a note was really the way the petitioner managed to rob CT Page 2860 the various businesses. Counsel argued that his client endangered himself by cooperating with the State of Connecticut, the FBI and the Windham State's Attorney's office. Counsel felt that the sentencing court did not sufficiently reward his client for his serious level of cooperation.
The petitioner when he spoke noted that he was offered a packaged plea bargain of fifteen years to serve before he cooperated and with his cooperation he should have gotten something less than he received.
The State's Attorney indicated that the record reflected that the court took into consideration the cooperation given by the petitioner. He noted that the judge stated that he was impressed by the level of cooperation and went from a sentence close to life to just twelve years to serve. He urged the panel to affirm the sentence.
In reviewing the remarks of the sentencing court, we find a balanced approach to the sentence imposed. The court looked at the criminal history of the petitioner, factored in his past drug history and complemented the petitioner for his cooperation with the various authorities. In reviewing the sentence in accordance with the requirements of P.B. 942, we find the sentence imposed neither inappropriate nor disproportionate. THE SENTENCE AFFIRMED.
NORKO, J. PURTILL, J. STANLEY, J.
Norko, J., Purtill, J., and Stanley, J. participated in this decision.